CLOSED

U.S. District Court
Western District of Pennsylvania (Pittsburgh)

CIVIL DOCKET FOR CASE #: 00-CV-1517

PETERSON v. SCI CAMP HILL                          Filed: 08/07/00
Assigned to: Judge Donald E. Ziegler
            Referred to: Mag. Judge Kenneth J. Benson
Demand: $0,000                       Nature of Suit:  550
Lead Docket: None                    Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights    **1 : CV01-0972**


CHRISTOPHER LEROY PETERSON        CHRISTOPHER LEROY PETERSON
      plaintiff                   EE-5357
                                  [COR LD NTC]  [PRO SE]      FILED
                                  SCI Rockview                SCRANTON
                                  Box A
                                  Bellefonte, PA 16823        MAY 3 1 2001

                                                             DEPUTY CLERK

          v.


SCI CAMP HILL                     Gregory R. Neuhauser
      defendant                   [COR LD NTC]
                                  Seth A. Mendelsohn
                                  (717) 787-1194
                                  [COR LD NTC]
                                  Office of the Attorney General
                                  Strawberry Square
                                  15th Floor
                                  Harrisburg, PA 17120
                                  (717) 705-8572

Proceedings include all events.
2:00cv1517 PETERSON v. SCI CAMP HILL                          CLOSED

| | | |
|---|---|---|
| 8/7/00 | 1 | MOTION by CHRISTOPHER LEROY PETERSON to Proceed in Forma Pauperis with Proposed Order. (emc) [Entry date 08/07/00] |
| 8/7/00 | -- | Complaint Received from Plaintiff (emc) [Entry date 08/07/00] |
| 8/7/00 | -- | CASE REFERRED to Mag. Judge Kenneth J. Benson (emc) [Entry date 08/07/00] |
| 8/18/00 | 2 | ORDER granting [1-1] Motion to Proceed in Forma Pauperis. The payment of the initial partial filing fee is held in abeyance. The Clerk shall file the Complaint without payment of the initial partial filing fee. The agency having custody of the Plaintiff shall forward to the Clerk payments from the prisoner's account in an amount of 20% of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds $10.00 until the full filing fee is paid. ( signed by Mag. Judge Kenneth J. Benson on 8/18/00 ) CM all parties of record. (emc) [Entry date 08/21/00] [Edit date 08/23/00] |
| 8/18/00 | 3 | COMPLAINT (emc) [Entry date 08/21/00] |
| 8/23/00 | 4 | AUTHORIZATION by CHRISTOPHER LEROY PETERSON permitting withdraw of prison account funds to pay filing fee. (emc) [Entry date 08/23/00] |
| 8/30/00 | 5 | ORDER, that the U.S. Marshal is directed to mail a copy of the complaint, notice of lawsuit, request for waiver of service of summons, waiver, and this Order to the defendant as directed by plaintiff. Costs shall be advanced by the United States. Parties have 10 days to file Appeal to District Judge. ( signed by Mag. Judge Kenneth J. Benson on 8/30/00 ) CM all parties of record. (emc) [Entry date 08/30/00] |
| 8/30/00 | -- | 3 cc of above Order, 1 copy of Complaint and 1 285 Form forwarded to U.S. Marshal for Service (emc) [Entry date 08/30/00] |
| 9/21/00 | -- | PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON Amount $ 1.14 Receipt # 8710 (emc) [Entry date 09/21/00] |
| 10/11/00 | 6 | MOTION by SCI CAMP HILL to Dismiss the Complaint or to Transfer Case for Improper Venue with Proposed Order. (emc) [Entry date 10/11/00] [Edit date 10/16/00] |
| 10/11/00 | 7 | BRIEF by SCI CAMP HILL  in support of [6-1] Motion to Dismiss the Complaint by SCI CAMP HILL, [6-2] Motion to Transfer Case for Improper Venue by SCI CAMP HILL (emc) [Entry date 10/11/00] [Edit date 10/16/00] |

Proceedings include all events.
2:00cv1517 PETERSON v. SCI CAMP HILL                    CLOSED

10/12/00  8        ANSWER by CHRISTOPHER LEROY PETERSON  to [6-1] motion to
                   Dismiss to Complaint by SCI CAMP HILL, [6-2] motion to
                   Transfer Case for Improper Venue by SCI CAMP HILL (jsp)
                   [Entry date 10/12/00]

10/19/00  9        WAIVER OF SERVICE Returned Executed as to SCI CAMP HILL  on
                   9/12/00 Answer due on 11/11/00 for SCI CAMP HILL (emc)
                   [Entry date 10/19/00]

10/26/00  --       PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON
                   Amount $ 4.72 Receipt # 366 (emc) [Entry date 10/26/00]

11/17/00  --       PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON
                   Amount $ 4.74 Receipt # 754 (emc) [Entry date 11/17/00]

3/16/01   --       PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON
                   Amount $ 7.14 Receipt # 2570 (emc) [Entry date 03/19/01]

4/18/01   --       PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON
                   Amount $ 9.30 Receipt # 3014 (emc) [Entry date 04/19/01]

5/7/01    10       REPORT AND RECOMMENDATION of Mag. Judge Kenneth J. Benson
                   signed on 5/7/01 Recommending that [6-1] motion to Dismiss
                   the Complaint be denied, [6-2] motion to Transfer Case for
                   Improper Venue be granted ; The parties have 10 days from
                   the date of service to file objections to this Report and
                   Recommendation. (ka) [Entry date 05/07/01]

5/21/01   --       PARTIAL PAY of filing fee by CHRISTOPHER LEROY PETERSON
                   Amount $ 10.48 Receipt # 3567 (ka) [Entry date 05/21/01]

5/29/01   11       ORDER denying [6-1] motion to Dismiss the Complaint,
                   granting [6-2] motion to Transfer Case for Improper Venue,
                   adopting [10-1] report and recommendations  ( signed by
                   Judge Donald E. Ziegler on 5/29/01 ) CM all parties of
                   record. (ka) [Entry date 05/29/01]

5/29/01   --       Case closed (ka) [Entry date 05/29/01]

5/29/01   --       Case Transferred  to Middle District of Pennsylvania (ka)
                   [Entry date 05/29/01]



CERTIFIED FROM THE RECORD

Date: May 29, 2001

JAMES A. DRACH. CLERK

By:

Deputy Clerk

26
CA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CASE CLOSED**

CHRISTOPHER LEROY PETERSON,        )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        Civil Action No. 00-1517
                                   )              JUDGE ZIEGLER
SCI CAMP HILL,                     )        MAGISTRATE JUDGE BENSON
                                   )
                Defendant.         )



## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court

on August 7, 2000, and was referred to United States Magistrate

Judge Kenneth J. Benson for pretrial proceedings in accordance with

the Magistrates Act, 28 U.S.C. §636(b)(1), and Local Rule 72.1.4.

The magistrate judge's report and recommendation, filed on

May 7, 2001, recommended that defendant's motion to dismiss the

complaint or to transfer the action for improper venue (Docket No.

7) be denied to the extent that it seeks dismissal of the complaint

and granted to the extent that it seeks transfer of this action to

the United States District Court for the Middle District of Pennsyl-

vania under 28 U.S.C. §1404(a). The parties were allowed ten (10)

days from the date of service to file objections. Service was made

on plaintiff on May 9, 2001, by certified mail delivery to the State

Correctional Institution Rockview at Bellefonte, Pennsylvania, where

he is incarcerated, and on counsel for defendant by first-class mail

on May 7, 2001. No objections have been filed. After review of the

pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this *29th* day of *May*, 2001;

IT IS HEREBY ORDERED that defendant's motion to dismiss the complaint or to transfer the action for improper venue (Docket No. 7) is denied to the extent that it seeks dismissal of the complaint and granted to the extent that it seeks transfer of this action to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1404(a). The complaint shall be transferred forthwith.

The report and recommendation of United States Magistrate Judge Kenneth J. Benson, dated May 7, 2001 (Docket #10), is adopted as the opinion of the court.


_____
DONALD E. ZIEGLER
UNITED STATES DISTRICT JUDGE

cc:   Honorable Kenneth J. Benson
      United States Magistrate Judge

      Christopher Leroy Peterson, EE-5357
      SCI Rockview
      Box A
      Bellefonte, PA 16823

      Seth A. Mendelsohn, Esquire
      Deputy Attorney General
      Gregory R. Neuhauser, Esquire
      Senior Deputy Attorney General
      Office of the Attorney General
      15th Floor, Strawberry Square
      Harrisburg, PA 17120

CERTIFIED FROM THE RECORD
Date: May 29, 2001
JAMES A. DRACH, CLERK
By: _____
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Christopher Peterson
(Plaintiff)

vs.

S.C.I. Camphill
(Defendant)

MOTION AND DECLARATION IN SUPPORT
OF MOTION TO PROCEED IN FORMA PAUPERIS

00  1517

I, Chris Peterson _____, am the plaintiff in the above entitled case. In support of my motion for leave to proceed in forma pauperis I state that because of my poverty I am unable to pay the initial costs of said proceeding or to give security therefore and that I believe I am entitled to redress. In support of this motion I declare the following responses are true.

1. If you are receiving prison wages, state the amount  $15.76

2. If you received within the past twelve months any money from any source, explain, and state the amount:
∅

3. State the amount of money you have in a checking, savings or prison account  $8.17

4. Identify and state the value of any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing) which you own  ∅

5. List the persons who are dependent upon you for support; state your relationship to those persons; and indicate how much you contribute toward their support.  ∅

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  23  day of  May  , 19 2000

Chris Peterson
(Plaintiff's Signature)

## TO BE COMPLETED BY RECORDS OFFICER OF PRISON

1. The plaintiff presently has the sum of  .02¢  on account at
Rockview State Correctional Institution
(Name of Prison)

XXXX    Attached is a copy of the plaintiff's institutional account indicating deposits and withdrawals during the preceding one year period or
3/23/00 - 8/2/00
(Indicate period covered by Account)

_____    I cannot furnish the court with a copy of the plaintiff's institutional account indicating income and withdrawals because

2. The plaintiff has the following securities and other assets: (include any information you have regarding outside accounts, sources of income).

NONE

_____
_____
_____
_____

3. Other information relevant to plaintiff's financial status or information that plaintiff's statements contained in his motion and declaration in support of motion to proceed in forma pauperis are not true.

NONE

_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Signed this ____2nd____ day of _____August_____ , XX 00 ,

RE:   EE5357 Peterson, Christoper

*Earl Walker*

_____
Signature and Title of Records Officer of Prison
Earl Walker
Clerical Supervisor 2, Inmate Acctg.

## ORDER

Motion for leave to proceed in forma pauperis _____

_____
United States District Judge -or-
United States Magistrate Judge

_____
Date

```
PA. DEPT. OF CORRECTION         INMATE ACCOUNTS SYSTE        RUN     IAS365
BUREAU OF COMPUTER SER  CES     PARTIAL ACCOUNT LISTIN       DATE  8/02/2000
REMOTE PRINT TIME  9:00             FROM PURGE FILE          PAGE        1


     INMATE   NAME
     NUMBER   LAST              FIRST         MI        STARTING BALANCE
     EE5357   PETERSON          CHRISTOPHER   L                    .00


  BATCH      DATE                                TRANSACTION BALANCE AFTER
    #     MO DY YEAR      TRANSACTION DESCRIPTION    AMOUNT   TRANSACTION


     0    03-23-2000  00  OPEN NEW ACCOUNT
                     80  PITTSBURGH
  4759    03-27-2000  37  POSTAGE
                                                     -4.41        -4.41
     0    03-31-2000  92  TRANSFER OUT
                         PITTSBURGH
     0    03-31-2000  91  TRANSFER IN
                         CAMP HILL


              BALANCE AFTER THESE TRANSACTIONS------>        -4.41
```

```
PA, DEPT. OF CORRECTIONS        INMATE ACCOUNTS SYSTEM          RUN    IAS365
BUREAU OF COMPUTER SERVICES     PARTIAL ACCOUNT LISTING         DATE 8/02/2000
REMOTE PRINT TIME  9:00             FROM ACTIVE FILE            PAGE       1


       INMATE    NAME
       NUMBER    LAST              FIRST       MI          STARTING BALANCE
       EE5357    PETERSON          CHRISTOPHER  L                    -4.41


  BATCH      DATE                                      TRANSACTION BALANCE AFTER
    #     MO DY YEAR    TRANSACTION DESCRIPTION            AMOUNT   TRANSACTION

  5661    05-19-2000  38  INSIDE PURCHASES
                          I D CARDS                        -3.00        -7.41
  5826    05-26-2000  37  POSTAGE
                          5/26/00                           -.77        -8.18
  6056    06-28-2000  37  POSTAGE
                          DONE 6-27-00                      -.99        -9.17
  6114    07-07-2000  10  MAINTENANCE PAYROLL
                          GROUP 1 6-1-00 TO 6-30-2000      19.44        10.27
  8192    07-10-2000  32  CAM COMMISSARY
                          FOR  7/10/2000                   -4.69         5.58
  6187    07-18-2000  10  MAINTENANCE PAYROLL
                          VAN GROUP 1 7-14-2000             6.48        12.06
  6187    07-18-2000  50  ACT 84 TRANSACTION *
                          1083-96              07/18/00    -1.30        10.76
     0    07-18-2000  82  TRANSFER OUT
                          CAMP HILL
     0    07-18-2000  81  TRANSFER IN
                          ROCKVIEW
  8200    07-18-2000  32  ROC COMMISSARY
                          FOR  7/19/2000                   -4.86         5.90
  8207    07-25-2000  32  ROC COMMISSARY
                          FOR  7/26/2000                   -5.50          .40
  8214    08-01-2000  32  ROC COMMISSARY
                          FOR  8/01/2000                    -.38          .02

                  BALANCE AFTER THESE TRANSACTIONS------>                 .02
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,       )
                                  )
                 Plaintiff,       )
                                  )
          v.                      )        Civil Action No. 00-1517
                                  )
SCI CAMP HILL,                    )
                                  )
                 Defendant.       )

## O R D E R

AND NOW, this ___18th___ day of August, 2000, after the plain-
tiff presented a civil complaint for which the filing fee is
$150.00, and which he seeks leave to prosecute in forma pauperis,

IT IS ORDERED that leave to proceed in forma pauperis is
GRANTED, and since the plaintiff does not possess sufficient funds
to pay this fee, and it appearing that his average monthly deposit
into his inmate account for the last five[1] months is $1.03, and that
his average monthly balance in that account for the past five months
is $-5.15, and that an initial partial filing fee of twenty percent
(20%) of the greater of those two amounts, or $.20 should be
assessed against the plaintiff, and the Court further finding that
requiring the plaintiff, whose current balance is $.02, to con-
tribute anything towards the filing fee at this time would create an
injustice, the payment of the initial partial filing fee is held in
abeyance;

---

[1]    The materials submitted with plaintiff's application for
leave to proceed in forma pauperis indicate he has been incarcerated
only since March, 2000.

IT IS FURTHER ORDERED that the Clerk shall file the complaint without payment of an initial partial filing fee;

IT IS FURTHER ORDERED that the agency having custody of the plaintiff shall forward to the Clerk of Court payments from the prisoner's account in an amount of twenty percent (20%) of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds $10.00, until the full filing fee is paid.


KENNETH J. BENSON
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Christopher Leroy Peterson, EE-5357
     SCI Rockview
     Box A
     Bellefonte, PA 16823
     CERTIFIED MAIL
     RETURN RECEIPT REQUESTED

     Inmate Accounting Office
     SCI Rockview
     Box A
     Bellefonte, PA 16823

     Finance Section,
     United States District Court

- 2 -

AO 72A
(Rev 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        Civil Action No. 00-1517
                                  )
SCI CAMP HILL,                    )
                                  )
            Defendant.            )

### NOTICE AND AUTHORIZATION OR WITHDRAWAL OF ACTION

AND NOW, this _18th_ day of August, 2000;

TO THE PLAINTIFF IN THE ABOVE ACTION:

YOU ARE HEREBY NOTIFIED that in order for your case to proceed it will be necessary for you to sign the AUTHORIZATION below.  You must return the signed form to the Clerk of the United States District Court for the Western District of Pennsylvania within twenty (20) days of the date of this notice.

By signing the AUTHORIZATION and sending it to the Clerk, you will be agreeing to authorize the inmate account officer to make the remaining installment payments to the Clerk of Court until the full filing fee of $150.00 is paid.

If the Clerk does not receive a copy of this Notice with the AUTHORIZATION signed by you within twenty (20) days, the court will conclude that you do not intend to proceed with your lawsuit and your action will be dismissed for failure to prosecute.

The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(g), provides that a prisoner may not bring a civil action

AO 72A

or appeal a judgment in a civil action in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. If you elect to withdraw the present action it would not be counted as one of the three prior dismissals. You may wish to consider this provision in deciding whether to proceed with this lawsuit. If you do not wish to proceed with this lawsuit you should sign the WITHDRAWAL OF ACTION form below and send it to the Clerk of this court.


KENNETH J. BENSON
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Christopher Leroy Peterson, EE-5357
     SCI Rockview
     Box A
     Bellefonte, PA 16823
     CERTIFIED MAIL
     RETURN RECEIPT REQUESTED

     Inmate Accounting Office
     SCI Rockview
     Box A
     Bellefonte, PA 16823

- 2 -

## AUTHORIZATION

I, Christopher Leroy Peterson, EE-5357, hereby authorize the custodian of my inmate account to withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania monthly payments of twenty percent (20%) of the preceding month's income credited to my account and to forward payments from my account, each time the amount in my account exceeds $10.00, to the Clerk, United States District Court, until the entire filing fee of $150.00 for Civil Action No. 00-1517 has been paid.

_____          _____
    PLAINTIFF'S SIGNATURE                          DATE

## WITHDRAWAL OF ACTION

I, Christopher Leroy Peterson, EE-5357, hereby Move to Withdraw this action.

_____          _____
    PLAINTIFF'S SIGNATURE                          DATE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Name and address of Plaintiff:

_Christopher Leroy Peterson_
_328 mead ave Corry PA_
_16407_

v.

Full name, title, and business address
of each defendant in this action:

1. _SCI Camp hill_
_Po Box 200 Comphill PA_
_17001-200_

2. _____

_____
_____

(use additional sheets, if necessary.
Number each defendant.)

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I.    Where are you now confined? _S C I   Camp hill_

What sentence are you serving? _3-6 month  3-12 month  3-24months_

What court imposed the sentence? _Erie County, Pennslyvania_

II.   Previous Lawsuits
      A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to the previous lawsuit

      Plaintiffs: _____ _NONE_ _____

      _____

      Defendants _____ _NONE_ _____

      _____

      2. Court (if federal court, name the district; if state court, name the county) and docket number.

      _NONE_

3. Name of judge to whom case was assigned *Judge Conmley*

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) *I'm at SCI camp hill*

5. Approximate date of filing lawsuit *MAY 23, 2000*

6. Approximate date of disposition *6 months To 1 YEAR*

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

Where? _____
When? _____
Result: _____
_____

III. What federal law do you claim was violated? *The 8Th amendment CRuel & ~~unusual~~ inhuman Punishment*

IV. Statement of Claim

(State here as briefly as possible the **facts** of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: *4-9-00 Thru 4-26-00*

B. Place of event: *SCI Camphill*

C. Persons involved--name each person and tell what that person did to you: *Camphill puT me iN The hole for NoT giving a uriNe TesT I JusT Could NoT go. They puT me iN a cell ThaT I was NoT able To Live iN, iN The facts of There was: (Cock Roches)(aNTs) (mice) (The ~~TAileT~~ Toilet Leaked around The Base) (The siNk Leeked) (The BlankeTTs Never geT washed) They Gave me a scruB Brush To Mop The floor with) (There was plexy Glass oN The cell door where No air Could geT Through) (No windows) (on hoT Days The cell smelled Like Raw sewage and weT Dog) (They are also makiNg me Take meds I DoN'T Need)*

V.  Did the incident of which you complain occur in an institution or place of custody in this District?  If so, where?

_____

and answer the following questions:

A.  Is there a prisoner grievance procedure in this institution? Yes (✓)  No ( )

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?  Yes ✓  No ( )

C.  If your answer is YES.

1.  What steps did you take? _____

2.  What was the result?  *Refused To give me a grievance* *TOTALLY DENIED GRIEVANCE FROM RHD or Anywhere Else AT SCI CampHill, PA 17001-0200 RESTRICTED housing unit    Pobex 200*

D.  If your answer is NO, explain why not: _____

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?  Yes ( )  No ( )

F.  If your answer is YES.

1.  What steps did you take? _____

2.  What was the result? _____

VI.  Relief
Starte briefly exactly what you want the court to do for you. Make no legal arguments.  Cite no cases or statues.

*Im asking for $ 1,000,000.00 for The violation of my 8th amendment + criminal Charges filed against DOT Correction SCI CampHill*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_MAY 23, 2000_                    _Chris_ _____
(Date)                            (Signature of Plaintiff)

## AUTHORIZATION

00-1517

I, Christopher Leroy Peterson, EE-5357, hereby authorize the custodian of my inmate account to withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania monthly payments of twenty percent (20%) of the preceding month's income credited to my account and to forward payments from my account, each time the amount in my account exceeds $10.00, to the Clerk, United States District Court, until the entire filing fee of $150.00 for Civil Action No. 00-1517 has been paid.

_____          _____
PLAINTIFF'S SIGNATURE                              DATE
                                                    8-21-00

## WITHDRAWAL OF ACTION

I, Christopher Leroy Peterson, EE-5357, hereby Move to Withdraw this action.

_____          _____
PLAINTIFF'S SIGNATURE                              DATE

AO 72A

**AUTHORIZATION**

I, Christopher Leroy Peterson, EE-5357, hereby authorize the custodian of my inmate account to withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania monthly payments of twenty percent (20%) of the preceding month's income credited to my account and to forward payments from my account, each time the amount in my account exceeds $10.00, to the Clerk, United States District Court, until the entire filing fee of $150.00 for Civil Action No. 00-1517 has been paid.

_Chris Peterson_      _8-21-00_
PLAINTIFF'S SIGNATURE      DATE

---

**WITHDRAWAL OF ACTION**

I, Christopher Leroy Peterson, EE-5357, hereby Move to Withdraw this action.

PLAINTIFF'S SIGNATURE      DATE

AO 72A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      Civil Action No. 00-1517
                                  )
SCI CAMP HILL,                    )
                                  )
            Defendant.            )

### O R D E R

Plaintiff, Christopher Leroy Peterson, EE-5357, a prisoner at the State Correctional Institution Rockview at Bellefonte, Pennsylvania, having been granted leave to proceed in forma pauperis subject to the provisions of 28 U.S.C. §1915(b) (as amended April 26, 1996), which requires that prisoners pay an initial partial filing fee and the entire fee in installment payments; and the initial filing fee having been held in abeyance by order of August 18, 2000 (Docket #2); and the Clerk having been directed to file the complaint; and

Plaintiff having signed an AUTHORIZATION agreeing to: authorize the inmate account office to deduct from his inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued whenever the amount in his account exceeds $10.00 to the Clerk, United States District Court, until the entire filing fee of $150.00 has been paid;

PLAINTIFF IS ADVISED that at the conclusion of this lawsuit, if it should end with a result favorable to defendant(s),

AO 72A
(Rev.8/82)

judgment may be entered against plaintiff for all or some of the fees of the Clerk and Marshal and some or all of the costs incurred by defendant(s) in defending this action.

PLAINTIFF IS FURTHER ADVISED that Fed.R.Civ.P. 11 requires that any filing signed by any party must comply with certain standards. Among these is that statements or allegations of fact must be true or have evidentiary support. This requirement applies to the complaint which plaintiff has already submitted for filing as well as to any future filings and submissions by any party.

AND NOW, this 30 th day of August, 2000;

IT IS HEREBY ORDERED that, in accordance with 28 U.S.C. §1915(b)(1) and (2), the inmate account officer at the State Correctional Institution Rockview at Bellefonte, Pennsylvania, shall continue to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, United States District Court for the Western District of Pennsylvania, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $150.00 has been paid;

IT IS FURTHER ORDERED that the United States Marshal is directed to mail a copy of the complaint, notice of lawsuit and request for waiver of service of summons, and waiver, and this order to each defendant as directed by plaintiff. Costs shall be advanced by the United States. Defendants are requested to waive service pursuant to Rule 4(d).[1]

---

[1] The Marshal will send the form Notice of Lawsuit and Request for Waiver of Service of Summons to each defendant.

- 2 -

IT IS FURTHER ORDERED that plaintiff provide the United States Marshal a separate "Process Receipt and Return" form (USM-285) for each defendant (unless he sent properly completed forms to the Clerk with the complaint). If plaintiff does not have sufficient copies of the form to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On this form he must give the full name and complete home address of each individual defendant. If plaintiff fails to give the Marshal correct instructions for mailing to any defendant, his claims against that defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff is further advised that no defendant is required to respond to the complaint until he has accepted a copy of the complaint from the Marshal and waived service, or has been served. Therefore, a motion for default cannot properly be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty (60) days after the Marshal's notice has been mailed, if service is waived pursuant to the notice, or twenty (20) days after being served.

The court has conducted an initial screening of the complaint pursuant to 28 U.S.C. §1915A, and it appears that the complaint does not suffer from any of the defects identified in Section 7 of the Civil Rights of Institutionalized Persons Act, as amended, 42 U.S.C. §1997e, or in 28 U.S.C. §1915A, and that plaintiff has a reasonable opportunity to prevail on the merits,

accordingly IT IS FURTHER ORDERED that defendant(s) is/are directed to file timely an appropriate pleading or motion in

AO 72A

response to the complaint, AND shall NOT waive filing a reply pursuant to 42 U.S.C. §1997e(g).

IT IS FURTHER ORDERED that plaintiff shall serve upon each defendant or, if appearance has been entered by counsel, upon their attorneys, a copy of every pleading or other document submitted for consideration by the court and shall include on the original document filed with the Clerk of Court a certificate stating the date a true and correct copy of the pleading or document was mailed to each defendant or his counsel. Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service shall be disregarded by the court.

IT IS FURTHER ORDERED that plaintiff shall immediately advise the court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other-documents upon plaintiff.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.


KENNETH J. BENSON
CHIEF UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

cc:   Christopher Leroy Peterson, EE-5357
      SCI Rockview
      Box A
      Bellefonte, PA 16823
      CERTIFIED MAIL
      RETURN RECEIPT REQUESTED

      Inmate Accounting Office
      SCI Rockview
      Box A
      Bellefonte, PA 16823

      Finance Section,
      United States District Court

      United States Marshal

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CHRISTOPHER LEROY PETERSON,**
     **Plaintiff**                              :

                                  :     **Civil Action No. 00-1517**

    **v.**                                   :

                                    :     **(Chief Judge Ziegler)**

**SCI CAMP HILL,**                          :     **(Magistrate Judge Benson)**
     **Defendant**                              :

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## OR TO TRANSFER THE ACTION FOR IMPROPER VENUE

Pursuant to Rule 12(b)(3) & (6) of the Federal Rules of Civil Procedure, defendant, by its attorneys, moves the Court to dismiss the complaint or to transfer the action to the District Court for the Middle District of Pennsylvania. This motion is supported by the accompanying memorandum of law.

WHEREFORE, the complaint should be dismissed or, in the alternative, the action should

be transferred to the Middle District of Pennsylvania.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: _Seth A. Mendelsohn_____
SETH A. MENDELSOHN
Deputy Attorney General

By: _Gregory Neuhauser_____
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE:  October 6, 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CHRISTOPHER LEROY PETERSON,**      :
        **Plaintiff**      :

         :     **Civil Action No. 00-1517**

     **v.**      :

         :     **(Chief Judge Ziegler)**

**SCI CAMP HILL,**      :     **(Magistrate Judge Benson)**

       **Defendant**      :

## ORDER

**AND NOW,** this     day of          , 2000, upon consideration of

defendant's motion, IT IS HEREBY ORDERED that this action is transferred to the United

States District Court for the Middle District of Pennsylvania.

           **BY THE COURT:**

_____

                            **J.**



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

:gyt

633 United States Post Office & Courthouse
Pittsburgh, Pennsylvania 15219                    412/644-3500

October 10, 2000

James A. Drach
Clerk of Court
United States District Court
Western District of Pennsylvania
829 U.S. Post Office & Courthouse
7th Avenue and Grant Street
Pittsburgh, PA 15219

Re:  Christopher Peterson v. SCI Camp Hill
     Civil Action No. 00-1517

Dear Mr. Drach:

Enclosed are pleadings sent by the Office of Attorney General for
filing in the above-captioned case, which were received in our
office on October 10, 2000, and opened in error.

Very truly yours,

HARRY LITMAN
United States Attorney

GAIL Y. TURNER
Paralegal Specialist
Civil Division

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,     :
              Plaintiff         :
                                :      Civil Action No. 00-1517
                                :
        v.                      :
                                :      (Chief Judge Ziegler)
SCI CAMP HILL,                  :      (Magistrate Judge Benson)
              Defendant         :


MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
OR TO TRANSFER THE ACTION FOR IMPROPER VENUE

STATEMENT OF THE CASE

This is a civil action for damages brought pursuant to the Civil Rights Act of

1871, 42 U.S.C. § 1983.  Plaintiff is an inmate incarcerated at the State Correctional Institution at

Rockview, Bellefonte, Pennsylvania ("SCI-Rockview").  Defendant is the State Correctional

Institution  at Camp Hill, Pennsylvania ("SCI-Camp Hill").

    In his complaint, plaintiff alleges that his conditions of confinement at SCI-Camp Hill in

April 2000 violated his Eighth Amendment right to freedom from cruel and unusual punishment.

He claims that his cell had insects and rodents in it, that the toilet and sink were leaky, that his

blankets were never laundered, that there was a plexiglass shield on the cell door which restricted

airflow to the cell, that the cell had offensive odors, and that he has been required to take

medication he does not need.  (Complaint, § IV).

    The State Correctional Institution has moved to dismiss the complaint for failure to state

a claim upon which relief may be granted and for improper venue.  In the alternative, defendant

moves the Court to transfer the action to the District Court for the Middle District of

Pennsylvania, the District in which SCI-Camp Hill is located. This memorandum is submitted in support of defendant's motion to dismiss or to transfer.

<u>QUESTIONS PRESENTED</u>

1.      **Whether the complaint should be dismissed because the defendant is immune pursuant to the Eleventh Amendment to the Constitution and is not a "person" amenable to suit under 42 U.S.C. § 1983?**

2.      **Whether the complaint should be dismissed or transferred for improper venue?**

<u>ARGUMENT</u>

I.      **THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE DEFENDANT IS IMMUNE PURSUANT TO THE ELEVENTH AMENDMENT TO THE CONSTITUTION AND IS NOT A "PERSON" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.**

Plaintiff has filed a complaint against the "State Correctional Institution at Camp Hill, Pennsylvania." Because the State Correctional Institution is a part of the Pennsylvania Department of Corrections which in turn is an agency of the Commonwealth of Pennsylvania, the defendant is immune from suit pursuant to the Eleventh Amendment to the Constitution. In addition, the defendant is not a "person" amenable to suit under 42 U.S.C. § 1983. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and it should be dismissed.

The United States Supreme Court consistently has interpreted the Eleventh Amendment to the Constitution to preclude suits against a state in federal court by citizens of that state or other states. Atascadaro State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordan, 415 U.S. 641,

2

662-663 (1974). The Eleventh Amendment's jurisdictional bar is not dependent upon the nature

of the relief sought; it is equally applicable to suits seeking money damages, Edelman v. Jordan,

as it is to suits seeking equitable relief. Alabama v. Pugh, 438 U.S. 781 (1978). While a state

may consent to suit against it in federal court thereby waiving its immunity, Pennsylvania has not

done so. In Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), the Court recognized that

pursuant to 42 Pa. C.S. § 8521(b), "Pennsylvania has specifically withheld consent." In the

absence of consent, a suit against a state or one of its agencies is proscribed by the Eleventh

Amendment. Pennhurst, 465 U.S. at 98.

The only named defendant in this action is the State Correctional Institution at Camp

Hill, Pennsylvania. The Court may take judicial notice of the fact that the defendant is an

institution operated by the Pennsylvania Department of Corrections which in turn is an agency of

the Commonwealth of Pennsylvania. See Pa. Stat. Ann. tit. 71, § 61 (Purdon). As such, the

defendant is immune from suit pursuant to the Eleventh Amendment. Pennhurst, supra.

Even if the Eleventh Amendment were not a bar, a civil rights claim could not be

maintained against the State Correctional Institution because it is not a "person" amenable to suit

under the Civil Rights Act. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66

(1989), the Supreme Court held that suit for a violation of one's constitutional rights may be

maintained only against a "person" and a State or agency of a State is not a "person" amenable to

suit under the Civil Rights Act.

Thus, plaintiff may not bring suit against the defendant and the complaint should be

dismissed.

3

## II.    THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE.

In a civil action such as this case where jurisdiction is not premised solely upon diversity of citizenship, venue is proper in the district in which 1) any defendant resides, if all defendants reside in the same state; 2) a district in which a substantial part of the events or omissions giving rise to the claim occurred; or 3) a district in which any defendant may be found if there is no district in which the action otherwise may be brought. 28 U.S.C. § 1391(b). The sole defendant in this action is the State Correctional Institution at Camp Hill which is located in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania. Venue thus does not lie in the Western District of Pennsylvania.

Where venue is improper, the Court "shall dismiss the case, or if it be in the interest of justice, transfer such case" to the appropriate district. 28 U.S.C. § 1406(a). This language strongly suggests that, when an action has been brought in the wrong district, the case should be dismissed unless the plaintiff demonstrates that justice requires a transfer. Coleman v. Crisp, 444 F.Supp. 31, 33 (W.D. Ok. 1977); Lowery v. Estelle, 533 F.2d 265, 267 (5th Cir. 1976).

Alternatively, the action should be transferred to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). It is within the Court's discretion to order transfer of a case for the convenience of the parties and witnesses if, on balance, convenience is strongly in favor of the defendants. Shutee v. Armco Steel Corp., 431 F.2d 11, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). The purpose of this provision is to prevent the waste of time, energy and resources and to protect litigants, witnesses and the public from unnecessary expense and inconvenience. See Pope v. Missouri Pac. Ry. Co., 446 F.Supp. 447 (W.D. Ok. 1978).

4

Protecting litigants, witnesses and the public from unnecessary expense and

inconvenience, and avoiding a waste of time, energy and money thus are all relevant

considerations for venue purposes.  If the Court does not dismiss the action for improper venue,

these factors establish that the action should be transferred to the Middle District of

Pennsylvania.  Plaintiff's claim solely concerns events at SCI-Camp Hill; if the claim is allowed

to proceed, it is apparent that witnesses and documents from SCI-Camp Hill would be necessary

to rebut plaintiff's allegations.  Litigating this action in the District in which expenses may be

minimized calls for transfer.

Accordingly, the complaint should be dismissed or transferred for improper venue.

### CONCLUSION

For the above-stated reasons, the complaint should be dismissed or, in the alternative, the

action should be transferred to the District Court for the Middle District of Pennsylvania.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:  *Seth A. Mendelsohn*

SETH A. MENDELSOHN
Deputy Attorney General

By:  *Gregory T. Neuhauser*

GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE:  October 6, 2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER LEROY PETERSON,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 00-1517** |
| **v.** | : | |
| | : | **(Chief Judge Ziegler)** |
| **SCI CAMP HILL,** | : | **(Magistrate Judge Benson)** |
| **Defendant** | : | |

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 6,**

**2000,** I caused to be served a true and correct copy of the foregoing document **Memorandum in**

**Support of Defendant's Motion to Dismiss the Complaint or to Transfer the Action for**

**Improper Venue** by depositing it in the United States mail, first-class postage prepaid to the

following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**


**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

## II.    THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE.

In a civil action such as this case where jurisdiction is not premised solely upon diversity of citizenship, venue is proper in the district in which 1) any defendant resides, if all defendants reside in the same state; 2) a district in which a substantial part of the events or omissions giving rise to the claim occurred; or 3) a district in which any defendant may be found if there is no district in which the action otherwise may be brought. 28 U.S.C. § 1391(b). The sole defendant in this action is the State Correctional Institution at Camp Hill which is located in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania. Venue thus does not lie in the Western District of Pennsylvania.

Where venue is improper, the Court "shall dismiss the case, or if it be in the interest of justice, transfer such case" to the appropriate district. 28 U.S.C. § 1406(a). This language strongly suggests that, when an action has been brought in the wrong district, the case should be dismissed unless the plaintiff demonstrates that justice requires a transfer. Coleman v. Crisp, 444 F.Supp. 31, 33 (W.D. Ok. 1977); Lowery v. Estelle, 533 F.2d 265, 267 (5th Cir. 1976).

Alternatively, the action should be transferred to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). It is within the Court's discretion to order transfer of a case for the convenience of the parties and witnesses if, on balance, convenience is strongly in favor of the defendants. Shutee v. Armco Steel Corp., 431 F.2d 11, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). The purpose of this provision is to prevent the waste of time, energy and resources and to protect litigants, witnesses and the public from unnecessary expense and inconvenience. See Pope v. Missouri Pac. Ry. Co., 446 F.Supp. 447 (W.D. Ok. 1978).

Protecting litigants, witnesses and the public from unnecessary expense and

inconvenience, and avoiding a waste of time, energy and money thus are all relevant

considerations for venue purposes. If the Court does not dismiss the action for improper venue,

these factors establish that the action should be transferred to the Middle District of

Pennsylvania. Plaintiff's claim solely concerns events at SCI-Camp Hill; if the claim is allowed

to proceed, it is apparent that witnesses and documents from SCI-Camp Hill would be necessary

to rebut plaintiff's allegations. Litigating this action in the District in which expenses may be

minimized calls for transfer.

Accordingly, the complaint should be dismissed or transferred for improper venue.

## CONCLUSION

For the above-stated reasons, the complaint should be dismissed or, in the alternative, the

action should be transferred to the District Court for the Middle District of Pennsylvania.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: *Seth A. Mendelsohn*
      **SETH A. MENDELSOHN**
      **Deputy Attorney General**

By: *Gregory Neuhauser*
      **GREGORY R. NEUHAUSER**
      **Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  October 6, 2000**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEROY PETERSON, | : | |
| Plaintiff | : | |
| | : | Civil Action No. 00-1517 |
| v. | : | |
| | : | (Chief Judge Ziegler) |
| SCI CAMP HILL, | : | (Magistrate Judge Benson) |
| Defendant | : | |

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 6,**

**2000,** I caused to be served a true and correct copy of the foregoing document **Memorandum in**

**Support of Defendant's Motion to Dismiss the Complaint or to Transfer the Action for**

**Improper Venue** by depositing it in the United States mail, first-class postage prepaid to the

following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER PETERSON,                    * CIVIL ACTION NO. 00-1517
       PLAINTIFF                           *
                                                 *
       VS.                                 *

SCI CAMP HILL                            * (Chief Judge Ziegler)
       DEFENDANT                           * (Magistrate Judge Benson)

**PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT OR TO TRANSFER
THE ACTION FOR IMPROPER VENUE**

To the Honorable Judges of above said courts.

    AND NOW COMES, Christopher Peterson, Pro Se, and respectfully represents as follows:

    1. That plaintiff specifically denies all statements by defendant that are contrary to plaintiff's pleadings to date.

    2. That the plaintiff is no paralegal, is not an attorney, and has never had any legal education.
    Its been long held by the courts, that pro se pleadings are held to less stringent standards than pleadings drafted by lawyers.

    3. That given the eighth amendment violations as set forth in plaintiff's complaint, it is clearly in the best interest of judice to transfer this matter to the middle district of Pennsylvania.

    4. That this court, also in the best interest of justice should allow plaintiff to amend his original complaint with specific defendants.

## CONCLUSION

Given the severity of the eighth amendment violations as outset by plaintiff, if dismissed on procedural grounds, noting again, plaintiff has no formal legal education, would be a "black eye for our American Justice System.

I hereby verify that the statements herein are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of perjury.

WHEREFORE, Plaintiff Prays these Honorable Courts to deny defendant's motion to dismiss. And allow plaintiff to amend the caption to include specific defendants. And transfer the case to the proper venue of the Middle District.

RESPECTFULLY SUBMITTED,

Christopher Peterson, Pro Se
EE-5357, Box A
Bellefonte, PA 16823

Date: 10-10-00

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER PETERSON,           * CIVIL ACTION NO. 00-1517
              PLAINTIFF         *
                                *
         VS.                    *
                                *
SCI CAMP HILL                   * (Chief Judge Ziegler)
              DEFENDANT         * (Magistrate Judge Benson)

## CERTIFICATE OF SERVICE

I hereby certify this day I am serving the foregoing document,
Plaintiff's Answer To Defendant's Motion To Dismiss The Complaint
Or To Transfer The Action For Improper Venue, upon the person
below, first class, postage paid, U.S. mail:

Gregory R. Neuhauser, Esq.
Senior Deputy Attorney General
Office Of The attorney General
15th. Floor, Strawberry Square
Harrisburg, PA 17120

Christopher Peterson, Pro Se
EE-5357, Box A
Bellefonte, PA 16823

Date: 10-10-00

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,    :
      Plaintiff            :
                              :     Civil Action No. 00-1517
      v.                   :
                              :     (Chief Judge Ziegler)
SCI CAMP HILL,            :     (Magistrate Judge Benson)
           Defendant     :

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## OR TO TRANSFER THE ACTION FOR IMPROPER VENUE

Pursuant to Rule 12(b)(3) & (6) of the Federal Rules of Civil Procedure, defendant, by its attorneys, moves the Court to dismiss the complaint or to transfer the action to the District Court for the Middle District of Pennsylvania. This motion is supported by the accompanying memorandum of law.

**WHEREFORE,** the complaint should be dismissed or, in the alternative, the action should be transferred to the Middle District of Pennsylvania.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:  *Seth A. Mendelsohn*
SETH A. MENDELSOHN
Deputy Attorney General

By:  *Gregory Neuhauser*
GREGORY R. NEUHAUSER
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA    17120
717-787-8106

DATE:  October 6, 2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,          :
           Plaintiff               :
                              :       Civil Action No. 00-1517
      v.                           :
                              :       (Chief Judge Ziegler)
SCI CAMP HILL,                        :       (Magistrate Judge Benson)
           Defendant               :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER**, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 6,**

**2000**, I caused to be served a true and correct copy of the foregoing document **Defendant's**

**Motion to Dismiss the Complaint or to Transfer the Action for Improper Venue** by

depositing it in the United States mail, first-class postage prepaid to the following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

*Gregory R. Neuhauser*

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER LEROY PETERSON,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 00-1517** |
| **v.** | : | |
| | : | **(Chief Judge Ziegler)** |
| **SCI CAMP HILL,** | : | **(Magistrate Judge Benson)** |
| **Defendant** | : | |

## ORDER

**AND NOW,** this       day of             , 2000, upon consideration of

defendant's motion to dismiss or to transfer for improper venue, IT IS HEREBY ORDERED that

the complaint is DISMISSED and the Clerk is directed to close the file in this case.

**BY THE COURT:**


_____
                                                **J.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,      :
           **Plaintiff**           :

                           :      **Civil Action No. 00-1517**

    **v.**                   :

                           :      **(Chief Judge Ziegler)**

SCI CAMP HILL,              :      **(Magistrate Judge Benson)**
           **Defendant**        :

## ORDER

    **AND NOW**, this      day of          , 2000, upon consideration of

defendant's motion, IT IS HEREBY ORDERED that this action is transferred to the United

States District Court for the Middle District of Pennsylvania.

                             **BY THE COURT:**

                                                      _____

                                                      **J.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,    :
    **Plaintiff**        :
               :  **Civil Action No. 00-1517**
   **v.**           :
               :  **(Chief Judge Ziegler)**
**SCI CAMP HILL,**        :  **(Magistrate Judge Benson)**
      **Defendant**    :

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## OR TO TRANSFER THE ACTION FOR IMPROPER VENUE

### STATEMENT OF THE CASE

This is a civil action for damages brought pursuant to the Civil Rights Act of

1871, 42 U.S.C. § 1983.  Plaintiff is an inmate incarcerated at the State Correctional Institution at

Rockview, Bellefonte, Pennsylvania ("SCI-Rockview").  Defendant is the State Correctional

Institution  at Camp Hill, Pennsylvania ("SCI-Camp Hill").

In his complaint, plaintiff alleges that his conditions of confinement at SCI-Camp Hill in

April 2000 violated his Eighth Amendment right to freedom from cruel and unusual punishment.

He claims that his cell had insects and rodents in it, that the toilet and sink were leaky, that his

blankets were never laundered, that there was a plexiglass shield on the cell door which restricted

airflow to the cell, that the cell had offensive odors, and that he has been required to take

medication he does not need.  (Complaint, § IV).

The State Correctional Institution has moved to dismiss the complaint for failure to state

a claim upon which relief may be granted and for improper venue.  In the alternative, defendant

moves the Court to transfer the action to the District Court for the Middle District of

Pennsylvania, the District in which SCI-Camp Hill is located.  This memorandum is submitted in

support of defendant's motion to dismiss or to transfer.

## QUESTIONS PRESENTED

1.    **Whether the complaint should be dismissed because the defendant is immune pursuant to the Eleventh Amendment to the Constitution and is not a "person" amenable to suit under 42 U.S.C. § 1983?**

2.    **Whether the complaint should be dismissed or transferred for improper venue?**

## ARGUMENT

I.    **THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE DEFENDANT IS IMMUNE PURSUANT TO THE ELEVENTH AMENDMENT TO THE CONSTITUTION AND IS NOT A "PERSON" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.**

Plaintiff has filed a complaint against the "State Correctional Institution at Camp Hill,

Pennsylvania."  Because the State Correctional Institution is a part of the Pennsylvania

Department of Corrections which in turn is an agency of the Commonwealth of Pennsylvania,

the defendant is immune from suit pursuant to the Eleventh Amendment to the Constitution.  In

addition, the defendant is not a "person" amenable to suit under 42 U.S.C. § 1983.  Accordingly,

plaintiff's complaint fails to state a claim upon which relief may be granted and it should be

dismissed.

The United States Supreme Court consistently has interpreted the Eleventh Amendment

to the Constitution to preclude suits against a state in federal court by citizens of that state or

other states.  Atascadaro State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); Pennhurst State

School and Hospital v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordan, 415 U.S. 641,

2

662-663 (1974). The Eleventh Amendment's jurisdictional bar is not dependent upon the nature of the relief sought; it is equally applicable to suits seeking money damages, Edelman v. Jordan, as it is to suits seeking equitable relief. Alabama v. Pugh, 438 U.S. 781 (1978). While a state may consent to suit against it in federal court thereby waiving its immunity, Pennsylvania has not done so. In Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), the Court recognized that pursuant to 42 Pa. C.S. § 8521(b), "Pennsylvania has specifically withheld consent." In the absence of consent, a suit against a state or one of its agencies is proscribed by the Eleventh Amendment. Pennhurst, 465 U.S. at 98.

The only named defendant in this action is the State Correctional Institution at Camp Hill, Pennsylvania. The Court may take judicial notice of the fact that the defendant is an institution operated by the Pennsylvania Department of Corrections which in turn is an agency of the Commonwealth of Pennsylvania. See Pa. Stat. Ann. tit. 71, § 61 (Purdon). As such, the defendant is immune from suit pursuant to the Eleventh Amendment. Pennhurst, supra.

Even if the Eleventh Amendment were not a bar, a civil rights claim could not be maintained against the State Correctional Institution because it is not a "person" amenable to suit under the Civil Rights Act. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989), the Supreme Court held that suit for a violation of one's constitutional rights may be maintained only against a "person" and a State or agency of a State is not a "person" amenable to suit under the Civil Rights Act.

Thus, plaintiff may not bring suit against the defendant and the complaint should be dismissed.

3

## II.    THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE.

In a civil action such as this case where jurisdiction is not premised solely upon diversity of citizenship, venue is proper in the district in which 1) any defendant resides, if all defendants reside in the same state; 2) a district in which a substantial part of the events or omissions giving rise to the claim occurred; or 3) a district in which any defendant may be found if there is no district in which the action otherwise may be brought. 28 U.S.C. § 1391(b). The sole defendant in this action is the State Correctional Institution at Camp Hill which is located in Cumberland County, Pennsylvania, in the Middle District of Pennsylvania. Venue thus does not lie in the Western District of Pennsylvania.

Where venue is improper, the Court "shall dismiss the case, or if it be in the interest of justice, transfer such case" to the appropriate district. 28 U.S.C. § 1406(a). This language strongly suggests that, when an action has been brought in the wrong district, the case should be dismissed unless the plaintiff demonstrates that justice requires a transfer. Coleman v. Crisp, 444 F.Supp. 31, 33 (W.D. Ok. 1977); Lowery v. Estelle, 533 F.2d 265, 267 (5th Cir. 1976).

Alternatively, the action should be transferred to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). It is within the Court's discretion to order transfer of a case for the convenience of the parties and witnesses if, on balance, convenience is strongly in favor of the defendants. Shutee v. Armco Steel Corp., 431 F.2d 11, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). The purpose of this provision is to prevent the waste of time, energy and resources and to protect litigants, witnesses and the public from unnecessary expense and inconvenience. See Pope v. Missouri Pac. Ry. Co., 446 F.Supp. 447 (W.D. Ok. 1978).

4

Protecting litigants, witnesses and the public from unnecessary expense and inconvenience, and avoiding a waste of time, energy and money thus are all relevant considerations for venue purposes. If the Court does not dismiss the action for improper venue, these factors establish that the action should be transferred to the Middle District of Pennsylvania. Plaintiff's claim solely concerns events at SCI-Camp Hill; if the claim is allowed to proceed, it is apparent that witnesses and documents from SCI-Camp Hill would be necessary to rebut plaintiff's allegations. Litigating this action in the District in which expenses may be minimized calls for transfer.

Accordingly, the complaint should be dismissed or transferred for improper venue.

## CONCLUSION

For the above-stated reasons, the complaint should be dismissed or, in the alternative, the action should be transferred to the District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:  *Seth A. Mendelsohn*
**SETH A. MENDELSOHN**
**Deputy Attorney General**

By:  *Gregory Neuhauser*
**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
**15th Floor, Strawberry Square**
**Harrisburg, PA   17120**
**717-787-8106**

**DATE:  October 6, 2000**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,     :
         Plaintiff         :

                      :       Civil Action No. 00-1517

     v.               :

                      :       (Chief Judge Ziegler)

SCI CAMP HILL,             :       (Magistrate Judge Benson)

             Defendant     :

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 6, 2000,** I caused to be served a true and correct copy of the foregoing document **Memorandum in Support of Defendant's Motion to Dismiss the Complaint or to Transfer the Action for Improper Venue** by depositing it in the United States mail, first-class postage prepaid to the following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

*[signature]*

**GREGORY R. NEUHAUSER**
**Senior Deputy Attorney General**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,                    :
          Plaintiff                          :
                                :          Civil Action No. 00-1517
          v.                                 :
                                :          (Chief Judge Ziegler)
SCI CAMP HILL,                                 :          (Magistrate Judge Benson)
          Defendant                          :

### CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **October 6,**

**2000,** I caused to be served a true and correct copy of the foregoing document **Memorandum in**

**Support of Defendant's Motion to Dismiss the Complaint or to Transfer the Action for**

**Improper Venue** by depositing it in the United States mail, first-class postage prepaid to the

following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

                                        _Gregory Neuhauser_
                                    **GREGORY R. NEUHAUSER**
                                    **Senior Deputy Attorney General**

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Chris Peterson | 00 1517 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Camp hill S.C.I. | ORDER/ LEA-KNOWN Complaint |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Christopher Leroy Peterson EE 5357

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
SCI Camp Hill PO Box 200 Camphill PA 17001-200

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

CHRISTOPER LEROY PETERSON
PO BOX 200
SCI-Camp hill, PA 17001-0200
Block ID# cell LOCATION EE 5357 B2-34

| | |
|---|---|
| Number of process to be served with this Form - 285 | UNKNOWN |
| Number of parties to be served in this case | UNKNOWN |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service)*:
Fold                                                                 Fold

| Signature of Attorney or other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

| Address (*complete only if different than shown above*) | Date of Service | Time | am |
|---|---|---|---|
| | 9/22/00 | | pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 1.00 | | 3.20 | 9.50 | | 9.20 | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

## WAIVER OF SERVICE OF SUMMONS

TO:  **United States Marshal's Service**

    *I acknowledge receipt of your request that I waive service of a summons in the action of _____Peterson_____ vs _____S.C.I. Camp Hill_____ which is case number CR-00-1517 in the United States District Court for the Western District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.*

    *I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.*

    *I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.*

    *I understand that a judgement may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 30 days after 09/12/00 (date request was sent), or within 60 days after that date if the request was sent outside the United States.*

9/27/00
DATE

_____
Signature

Printed/typed name:  GREGORY R. NEUHAUSER

Title if any:  SENIOR DEPUTY ATTORNEY GENERAL

Counsel For:  DEFENDANT, SCI-CAMP HILL

2-6
BA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON,       )
                                  )
                 Plaintiff,       )
                                  )
        v.                        )     Civil Action No. 00-1517
                                  )          JUDGE ZIEGLER
SCI CAMP HILL,                    )     MAGISTRATE JUDGE BENSON
                                  )
                 Defendant.       )

K/SA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION



### I.    RECOMMENDATION

It is respectfully recommended that defendant's motion to dismiss the complaint or to transfer the action for improper venue (Docket No. 7) be denied to the extent that it seeks dismissal of the complaint and granted to the extent that it seeks transfer of this action to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1404(a).

### II.   REPORT

Plaintiff, Christopher Leroy Peterson, an inmate formerly in custody at the State Correctional Institution at Camp Hill, Pennsylvania, now housed at the State Correctional Institution Rockview at Bellefonte, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983.  In his complaint, plaintiff alleges that the conditions of his confinement in the restricted housing unit at SCI-Camp Hill violated his rights as protected by the Eighth Amendment of the United States Consti-

tution.  Specifically, he alleges that there were cockroaches, mice and ants in his cell, the toilet and sink leaked, plexiglass on the cell door prohibited air circulation or ventilation, and his blankets never were washed.  He also complains that he was required to take unnecessary medication.  In response to plaintiff's complaint, the Commonwealth of Pennsylvania filed a motion to dismiss the complaint on the basis of sovereign immunity or to transfer the action for improper venue.  For the reasons set out below, this action should be transferred to the United States District Court for the Middle District of Pennsylvania.


A.    Sovereign Immunity

Defendant asserts that plaintiff's action should be dismissed on the basis of sovereign immunity.  Defendant argues that the Eleventh Amendment to the United States Constitution grants it immunity from plaintiff's claims.  The Eleventh Amendment provides as follows.

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI.

The Eleventh Amendment bars civil rights actions in federal court where the suit is brought by a private party against a state, or agencies or departments created by the state that have no existence apart from the state.  Alabama v. Pugh, 438 U.S. 781, 782 (1978); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981),

AO 72A
(Rev. 8/82)

*cert. denied*, 469 U.S. 886 (1984).  This grant of sovereign immunity extends to suits brought by citizens of the defendant state as well. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).  This jurisdictional bar applies regardless of the nature of the relief sought by an individual against a State.  *Id.*[1]

Defendant in the present action is identified as SCI Camp Hill.  SCI-Camp Hill is a Pennsylvania correctional institution within the Pennsylvania Department of Corrections (DOC).  DOC is a Pennsylvania agency that has no existence apart from the state. Accordingly, DOC benefits from the grant of sovereign immunity provided for under the Eleventh Amendment.

Nonetheless, a state may waive its immunity under the Eleventh Amendment either by state statute or constitutional provision.  To constitute a waiver of Eleventh Amendment immunity, the state statute or constitutional provision must specify the state's intention to subject itself to suit in federal court.  Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985).  Pennsylvania, however, has not waived its sovereign immunity under the Eleventh Amendment.  In fact, Pennsylvania specifically reserved its immunity against federal suits in 42 Pa. Cons. Stat. Ann. §8521(b), which provides that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Consti-

---

[1]  In Edelman v. Jordan, 415 U.S. 651 (1974), the Supreme Court held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief.

✎AO 72A
(Rev. 8/82)

tution of the United States." Nothing in §1983 overrides the state immunity otherwise protected under the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65-71 (1989). Thus, plaintiff may not maintain an action under 42 U.S.C. §1983 against SCI-Camp Hill, which is part of the DOC. *Accord* <u>MOVE Organization v. U.S. Dept. of Justice</u>, 555 F.Supp. 684 (E.D.Pa. 1983) (action against DOC dismissed under Eleventh Amendment).

Notwithstanding, in his answer to defendant's motion, plaintiff requests that his action be transferred to the United States District Court for the Middle District of Pennsylvania and that he be allowed to amend his complaint to identify specific defendants. In so arguing, plaintiff relies on defendant's motion for transfer of this action to the Middle District of Pennsylvania.

Plaintiff's action is a federal claim under 42 U.S.C. §1983. Because 42 U.S.C. §1983 contains no specific venue provision, the general venue requirements of 28 U.S.C. §1391 are applicable to this suit. *See* <u>Urrutia v. Harrisburg County Police Department</u>, 91 F.3d 451, 462 (3d Cir. 1996); <u>Buhl v. Jeffes</u>, 435 F.Supp. 1149 (M.D.Pa. 1977). The applicable section is 28 U.S.C. §1391(b), which provides as follows.

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

found, if there is no district in which the
action may otherwise be brought.

In the case at bar, defendant argues that venue in this
district is improper because the sole defendant, SCI-Camp Hill, is
located within the Middle District.  Thus, defendant seeks transfer
of this action under 28 U.S.C. §1406(a), which allows a district
court, in the interest of justice, to transfer a case filed in the
improper district to any district in which it could have been
brought.  In the alternative, defendant seeks to transfer the action
under 28 U.S.C. §1404(a), which provides that, "[f]or the con-
venience of parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any other district
or division where it might have been brought."  Although a transfer
under section 1404(a) need not be predicated on improper venue in
the first instance, the facts of each case must be examined prior to
any decision on whether transfer should be ordered.  Starnes v.
McGuire, 512 F.2d 918, 925 (D.C. Cir. 1976) (citing VanDusen v.
Barrack, 376 U.S. 612, 622 (1964)).  Transfer under section 1404(a)
must be justified by particular circumstances that render the
transferor forum inappropriate by reference to the considerations
specified in the statute.  Starnes, supra.

Transfer is proper under section 1404(a) in that plaintiff
resides in the Middle District at SCI-Rockview, defendant Camp Hill
is in the Middle District, and it is fair to assume that the
individuals likely to be named by plaintiff as additional defen-
dants, as employees of SCI-Camp Hill, also will reside in the Middle
District of Pennsylvania.  In addition, it is likely that any poten-

tial witnesses are located within the Middle District, as will be any documentary or other evidence.  As such, it appears that it is in the interest of justice to transfer this action to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1404(a).

## III. CONCLUSION

Wherefore, it is respectfully recommended that defendant's motion to dismiss the complaint or to transfer the action for improper venue (Docket No. 7) be denied to the extent that it seeks dismissal of the complaint and granted to the extent that it seeks transfer of this action to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §1404(a).

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

KENNETH J. BENSON
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  May 7 , 2001

AO 72A
(Rev. 8/82)

cc:  Honorable Donald E. Ziegler
United States District Judge

Christopher Leroy Peterson, EE-5357
SCI Rockview
Box A
Bellefonte, PA 16823
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Seth A. Mendelsohn, Esquire
Deputy Attorney General
Gregory R. Neuhauser, Esquire
Senior Deputy Attorney General
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

AO 72A
(Rev. 8/82)