**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEROY PETERSON,** : | |
| **Plaintiff** : | |
| : | No. 1:CV-01-0972 |
| v. : | |
| : | (Judge Kane) |
| **SCI CAMP HILL,** : | |
| **Defendant** : | |

FILED
HARRISBURG
JUN 0 6 2001
MARY E. D'ANDREA,
Per_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

This is a civil action for damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania ("SCI-Rockview"). Defendant is the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill").

In his complaint, which was filed in the District Court for the Western District of Pennsylvania, plaintiff alleges that his conditions of confinement at SCI-Camp Hill in April 2000 violated his Eighth Amendment right to freedom from cruel and unusual punishment. He claims that his cell had insects and rodents in it, that the toilet and sink were leaky, that his blankets were never laundered, that there was a plexiglass shield on the cell door which restricted

airflow to the cell, that the cell had offensive odors, and that he has been required to take medication he does not need. (Complaint, § IV).

By order dated May 29, 2001, the District Court for the Western District of Pennsylvania transferred the action to the Middle District of Pennsylvania. Defendant now renews its motion to dismiss the complaint and submits this memorandum of law in support of the motion.

## QUESTION PRESENTED

**Whether the complaint should be dismissed because the defendant is immune pursuant to the Eleventh Amendment to the Constitution and is not a "person" amenable to suit under 42 U.S.C. § 1983?**

## ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE DEFENDANT IS IMMUNE PURSUANT TO THE ELEVENTH AMENDMENT TO THE CONSTITUTION AND IS NOT A "PERSON" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.**

Plaintiff has filed a complaint against the "State Correctional Institution at Camp Hill, Pennsylvania." Because the State Correctional Institution is a part of the Pennsylvania Department of Corrections, which in turn is an agency of the Commonwealth of Pennsylvania, the defendant is immune from suit pursuant to the Eleventh Amendment to the Constitution. In addition, the defendant is not a

2

"person" amenable to suit under 42 U.S.C. § 1983. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and it should be dismissed.

The United States Supreme Court consistently has interpreted the Eleventh Amendment to the Constitution to preclude suits against a state in federal court by citizens of that state or other states. College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd. 527 U.S. 666, 668 (1999); Atascadaro State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordan, 415 U.S. 641, 662-663 (1974). The Eleventh Amendment's jurisdictional bar is not dependent upon the nature of the relief sought; it is equally applicable to suits seeking money damages, Edelman v. Jordan, as it is to suits seeking equitable relief. Alabama v. Pugh, 438 U.S. 781 (1978). While a state may consent to suit against it in federal court thereby waiving its immunity, Pennsylvania has not done so. In Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), the Court recognized that pursuant to 42 Pa. C.S. § 8521(b), "Pennsylvania has specifically withheld consent." In the absence of consent, a suit against a state or one of its agencies is proscribed by the Eleventh Amendment. Pennhurst, 465 U.S. at 98.

The only named defendant in this action is the State Correctional Institution

3

at Camp Hill, Pennsylvania. The Court may take judicial notice of the fact that the defendant is an institution operated by the Pennsylvania Department of Corrections which in turn is an agency of the Commonwealth of Pennsylvania. See Pa. Stat. Ann. tit. 71, § 61 (Purdon). As such, the defendant is immune from suit pursuant to the Eleventh Amendment. Pennhurst, supra.

Even if the Eleventh Amendment were not a bar, a civil rights claim could not be maintained against the State Correctional Institution because it is not a "person" amenable to suit under the Civil Rights Act. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989), the Supreme Court held that suit for a violation of one's constitutional rights may be maintained only against a "person" and a State or agency of a State is not a "person" amenable to suit under the Civil Rights Act.

Thus, plaintiff may not bring suit against the defendant and the complaint should be dismissed.[1]

---

[1] Plaintiff has argued that he should be permitted to amend his complaint to add "specific" defendants. (Plaintiff's Answer to Defendant's Motion to Dismiss or to Transfer, ¶4, dated 10/10/00). While amendments to pleadings are committed to the sound discretion of the Court, the Court may deny leave to amend if the proposed amendment would be futile. See Adams v. Gould, 739 F.2d 858, 864 (3d Cir. 1984); Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Without a proposed amendment, the Court is left to speculate as to how plaintiff's claims would relate to "specific" defendants. Thus, to allow plaintiff to amend in the abstract would be futile.

## CONCLUSION

For the above-stated reasons, defendant's motion to dismiss the complaint should be granted

                          Respectfully submitted,

                          D. MICHAEL FISHER
                          Attorney General

By: *[signature]*
                          GREGORY R. NEUHAUSER
                          Senior Deputy Attorney General

                          SUSAN J. FORNEY
                          Chief Deputy Attorney General
                          Chief, Litigation Section

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-787-8106

DATE: June 6, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEROY PETERSON, :
    Plaintiff :
                                       : No. 1:CV-01-0972
v. :
                                       : (Judge Kane)
SCI CAMP HILL, :
    Defendant :

## CERTIFICATE OF SERVICE

I, **GREGORY R. NEUHAUSER,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **June 6, 2001,** I caused to be served a true and correct copy of the foregoing document **Renewed Memorandum in Support of Defendant's Motion to Dismiss the Complaint** by depositing it in the United States mail, first-class postage prepaid to the following:

**Christopher Leroy Peterson, EE-5357**
**SCI-Rockview**
**Box A**
**Bellefonte, PA 16823-0820**

                                                      _/s/ Gregory Neuhauser_
                                                   GREGORY R. NEUHAUSER
                                                   **Senior Deputy Attorney General**