Copy
(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEROY PETERSON, | : | CIVIL ACTION NO. **1:CV-01-0972** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| SCI CAMP HILL, | : | FILED SCRANTON |
| | : | NOV 8 2001 |
| Defendant | : | PER _____ DEPUTY CLERK |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the State Correctional Institution at Rockview, originally filed this action on August 7, 2000, in the Western District of Pennsylvania, pursuant to 42 U.S.C. § 1983. The matter was transferred to the Middle District of Pennsylvania on May 29, 2001, and received in the district on May 31, 2001. (Doc. 1). Presently ripe for disposition is the Defendant's renewed Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). **(Doc. 2).**

**I. Allegations of the Complaint.**

The Plaintiff alleges that his Eighth Amendment rights were violated when he was placed in a cell that was infested with rodents, had a leaky sink and toilet, unsanitary blankets, filthy floors and windows, poor ventilation, and the stench of sewage.

**II. Motion to Dismiss Standard.**

The Defendant seeks to dismiss the complaint for failure to state a claim. Fed.R.Civ. P. 12(b)(1) and (6). When evaluating a motion to dismiss, the court must accept all material allegations

of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

### III. Discussion.

The Defendant first moves to dismiss the claim based upon the Eleventh Amendment. The Eleventh Amendment applies to claims asserted in federal court under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). It prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself. *Pennhurst State Schools and Hospital v. Halderman*, 465 U.S. 89 (1984); *Allegheny County Sanitary Authority v. United States Environmental Protection Agency*, 732 F.2d 1167 (3d Cir. 1984). Based on the above, the Plaintiff's claim against SCI Camp Hill is barred by the Eleventh Amendment and, thus, is subject to dismissal.

Further, if we were to find that this Defendant were not immune, the Plaintiff would still be unable to maintain the action. Departments or agencies of a state, such as SCI Camp Hill, are not persons for purposes of maintaining an action under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977). SCI Camp Hill has no existence apart from the state. It cannot be considered a

2

person for purposes of maintaining an action under 42 U.S.C. § 1983.

However, the Defendant recognizes that the Plaintiff has argued that he should be permitted to amend his complaint. (Doc. 2, p. 4, f.n. 1). Based upon the Plaintiff's argument, it would be appropriate in this case to grant the Plaintiff leave to file an amended complaint to identify the individuals responsible. It will therefore be recommended that the Plaintiff be afforded the opportunity to amend the complaint.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that the Defendant's motion to dismiss the complaint **(Doc. 2)** be granted. It is further recommended that the Plaintiff be afforded the opportunity to amend his complaint, and that the matter be remanded to the undersigned for further proceedings.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: November 8, 2001

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEROY PETERSON, | : | CIVIL NO. **1:CV-01-0972** |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| SCI CAMP HILL, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 7, 2001.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: November 8, 2001

2

```
            UNITED STATES DISTRICT COURT
                      FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA

            * * MAILING CERTIFICATE OF CLERK * *

                    November 8, 2001
```

Re:   1:01-cv-00972    Peterson v. SCI-Camp Hill

True and correct copies of the attached were mailed by the clerk to the following:

```
      Christopher Leroy Peterson
      SCI-Rockview
      DW6560
      EE-5357
      Box A
      Bellefonte, PA   16823-0820

      Gregory R. Neuhauser, Esq.
      Office of Attorney General
      Strawberry Square
      15th Floor
      Harrisburg, Pa   17120

      Seth A. Mendelsohn, Esq.
      Office of the Attorney General
      15th Floor, Strawberry Sq.
      Harrisburg, PA   17120
```

```
cc:
Judge                          ( )              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to: US Atty Gen  ( )   PA Atty Gen ( )
```